IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HUTCHINSON REGIONAL MEDICAL CENTER, | ) ) ) | |
| Movant, | ) ) | |
| BECTON, DICKINSON, AND COMPANY, | ) ) ) | Case No. 23-mc-209-DDC-KGG |
| Respondent, | ) ) ) | related Case No. 17-2060-DDC-KGG |
| UNITED STATES OF AMERICA *ex rel* THOMAS SCHRODER, MEDTRONIC, INC., COVIDIEN, INC., WICHITA RADIOLOGICAL GROUP, P.A., | ) ) ) ) ) ) | |
| Interested Parties. | ) ) | |

**MEMORANDUM & ORDER DENYING MOTION TO COMPEL**

Now before the Court is the "Motion to Compel Compliance with Subpoena" filed by Defendant Hutchinson Regional Medical Center ("HRMC"). (Doc. 1.) Having reviewed the submissions of the parties, HRMC's motion is **DENIED**.

**BACKGROUND**

The present case, No. 23-mc-209-DDC-KGG, is related to underlying action Case No. 17-2060-DDC-KGG ("underlying action"). Therein, Relator Thomas Schroeder ("Realtor") brings claims against Defendants Medtronic, Inc.

1

("Medtronic"), Covidien L.P. ("Covidien"), HRMC, and Wichita Radiological Group, P.A. ("WRG") under the False Claims Act, 31 U.S.C. § 3729, alleging that Defendants Medtronic and Covidien "paid illegal remuneration to induce purchase of medical devices." (*See* Case No. 17-2060-DDC-KGG, Doc. 318, at 1.) Realtor further alleges that Medtronic employees were rewarded for marketing or encouraging the "overuse" and "off label" use of Peripheral Disease devices. (*Id.*)

The present motion arises from HRMC's subpoena issued by the United States District Court for the District of Kansas in the underlying action to Becton, Dickinson and Company ("BD"). (*See* 23-mc-209-DDC-KGG, Doc. 1-3, at 99, *et seq.*) The subpoena at issue seeks information relating to BD's sales to HRMC, discounts BD offered to HRMC, the underlying lawsuit, communications relating to certain individuals, marketing services as to HRMC physicians, and Outback re-entry catheters at HRMC. (Doc. 1-3, at 104-108.)

The present motion was filed in the United States District Court for the District of New Jersey, the District where compliance with the subpoena is required. The motion was transferred from the District of New Jersey to this Court because the District of Kansas issued the subpoena and that is where the underlying case is pending. (Doc. 10.)

BD objects that the motion is untimely because it was not filed within 30 days after HRMC ceased efforts to confer with BD regarding these issues in

September 2022. (Doc. 8, at 6.) BD continues that HRMC's motion does not specifically discuss the subpoena at issue or document requested therein, thus the motion fails to meet HRMC's burden. (*Id*., at 7-10.) BD then raises various objections to the subpoena, including that the requests therein are unduly burdensome, and that the subpoena implicates sensitive, competitive business information. (*Id*., at 10-13.)

## ANALYSIS

I.     **Motions Relating to Subpoenas.**

Federal Rule of Civil Procedure 45 governs motions to compel compliance with subpoenas served on third-parties. *See also* ***In re EpiPen Marketing, Sales Practices and Antitrust Litigation***, No. 17-MD-2785-DDC-TJJ, 2018 WL 6047179, at *1 (D. Kan. Nov. 19, 2018). Pursuant to subsection (d)(2)(B) of the Rule, if the individual or entity commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. Rule 45(d)(3) enumerates circumstances in which a court must quash or modify a subpoena, including when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden." Under the rule, the court is required to quash or modify a subpoena

3

requiring "disclosure of privileged or other protected matter, if no exception or waiver applies … ."

## II.     Timeliness.

The Court will address BD's argument that HRMC's motion was not filed in a timely manner.  The deadline for filing discovery-related motions in the District of Kansas is governed by D. Kan. Rule 37.1, which provides that any such motion

> must be filed within 30 days of the default or service of the response, objection, or disclosure that is the subject of the motion, or, for all other disputes, within 30 days after the movant knew or reasonably should have known of the potential dispute.  **The court may deny any motion filed after that 30-day period as untimely unless the movant demonstrates diligence in attempting to resolve the specific discovery dispute at issue**.

D. Kan. Rule 37.1(c) (emphasis added).  Additionally, the operative Scheduling Order in the underlying litigation specifically states that

> [a]ny motion to compel discovery … must be filed and served within **30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection is waived**.

(Case No. 17-2060-DCC-KGG, Doc. 98 (emphasis added).)

HRMC argues, however, that the local rules for the District of Kansas do not apply to the present motion.  Although the subpoena was issued by the District of Kansas, the place for compliance with the subpoena was in New Jersey.  (*See* Doc.

4

1-3, at 99.)   HRMC brought the present motion in the compliance court – the District of New Jersey.  (Doc. 1.)   Further, HRMC is correct that BD fails to cite "authority for the proposition that it is the District of Kansas's local rules that govern this dispute."  (*Id*., at 5.)  Instead, BD argues under the presumption that the District of Kansas local rules apply.  (*See* Doc. 8, at 10.)

That stated, the Court finds that the District of Kansas local rules <u>do</u> apply to the subpoena at issue.  The subpoena was generated <u>and captioned</u> in the underlying District of Kansas case.  (*See* Doc. 1-3, at 99; captioned for the District of Kansas Case No. 17-2060-DCC-KGG.)  HRMC, the party that issued the subpoena, is a party to the underlying case.  Counsel for HRMC are aware of the District of Kansas local rules as well as the admonition in the Scheduling Order regarding the timely filing of discovery motions.

Even assuming the District of Kansas local rules do not apply, the Court finds that the present motion is clearly untimely.  Neither party has cited a District of New Jersey local rule that sets a deadline for filing discovery-related motions in a timely manner.  Research by this Court did not find any such local rule.

Even so, the Federal Rules of Civil Procedure must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed.R.Civ.P. 1.  It is well-settled in the Districts of both New Jersey and Kansas that "Magistrate

Judges have broad discretion to manage their docket and to decide discovery issues." ***Gerald Chamles Corp. v. Oki Data Americas, Inc.***, Civ. No. 07-1947, 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007); *see also* ***In re Urethane Antitrust Litig.***, No. 04-1616-JWL, 2014 WL 61799, at *1 (D. Kan. Jan. 8, 2014) (holding that Magistrate Judges are "afforded broad discretion in the resolution of non-dispositive discovery disputes") (citations omitted).  The determination of timeliness is left to the Court's discretion.  See WRIGHT & MILLER, 8B FEDERAL PRACTICE & PROCEDURE § 2285 (3d ed. Apr. 2022 update).

Although the Federal Rules of Civil Procedure do not provide a deadline to determine whether a motion to compel is timely, courts consider the following factors in assessing timeliness:

> (1) the length of time since the discovery deadline expired; (2) the length of time that the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay in filing the motion to compel; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom the discovery is being sought; and (8) any disruption of the court's schedule.

***Betts v. Work Zone Traffic Control, Inc.***, No. 16-CV-01890-CMA-MJW, 2017 WL 3424996, at *1 (D. Colo. Aug. 9, 2017).

As to the above-enumerated factors, the discovery deadline has not expired in the present case.  That stated, the subpoena at issue is dated August 10, 2022.

6

BD contends that HRMC abandoned efforts to confer regarding the subpoena in mid-September 2022. (Doc. 8, at 10.) HRMC does not dispute this timeline of events. The present motion was not filed in the District of New Jersey until April 12, 2023, **some seven months after the parties stopped conferring about the production**. (Doc. 1.) The seven-month delay in filing the present motion is facially inexcusable. HRMC has provided no explanation or justification for the delay. All things considered, HRMC's motion to compel is **DENIED as untimely**.

**IT IS THEREFORE ORDERED** that Relator's Motion to Compel (Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2023, at Wichita, Kansas.

/s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE